cc: USBK

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-3814 JGB**<br>2:16-bk-22878-BR<br>22-ap-01080-BR | Date | December 1, 2022 |
|---|---|---|---|

| Title | *In Re Kimberely Martin-Bragg* |
|---|---|

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     Order to Show Cause (IN CHAMBERS)

The matter is before the Court on Appellant Ivan Rene Moore's appeal from the Bankruptcy Court's May 20, 2022 "Order Dismissing March 29, 2022 Adversary Proceeding with Prejudice." (Dkt. No. 1.)

On May 17, 2018, this Court entered an order declaring Appellant a vexatious litigant per Local Rule 83-8 and ordered that the Clerk was not to process any pleadings from Moore until that pleading had been screened by a judicial officer of this Court who approved the filing. Moore v. Wells Fargo Bank, et al., C.D. Cal. Case No. CV 17-4828-ODW (GJS), Ord. Accepting Report and Recommendations of U.S. Magistrate Judge at 5 (Dkt. No. 35).

That Order states that "any case-initiating pleading submitted by [Moore]" raising any matters related to his prior disputes with Wells Fargo are "presumptively barred by reason of [Moore]'s vexatious litigant status and therefore will not be filed unless: [Moore] concurrently submits a motion seeking leave to file the pleading that sets forth adequate justification for its filing, . . . a District Judge or Magistrate Judge of this Court grants such leave," and he files a "copy of [the] Pre-Filing Order with any case-initiating pleading he proffers to this Court." Id. at 5.

Appellant's June 3, 2022 Notice of Appeal and accompanying case initiation documents

did not follow the procedures required by the May 17, 2018 Vexatious Litigant Order.  On June 7, 2022, Debtor Kimberly Barbour made a special appearance in this case to alert the Court of this violation.  (Dkt. No. 8.)

Accordingly, Appellant is ORDERED TO SHOW CAUSE in writing no later than December 12, 2022, why this action should not be dismissed for violation of the Vexatious Litigant Order and remanded to the Bankruptcy Court.  Appellant is advised that his failure to file a timely response to this Order shall be deemed his consent to the dismissal of these actions with prejudice.

Within fourteen days after filing the notice of appeal, Appellant must file the following with the Clerk of the Bankruptcy Court:

- A designation of record
- A statement of issues on appeal
- A notice regarding the ordering of transcripts

(Dkt. No. 2.)  After the designated record is complete, the Clerk of the Bankruptcy Court will transmit to the Clerk of the District Court either the record for this appeal or notice that the record is available electronically.  The Clerk of the District Court will then issue a Notice Re: Bankruptcy Record Complete, which will constitute notice, pursuant to Federal Rule of Bankruptcy Procedure 8010(b)(3), that the record has been received by the District Court.

The file in this case lacks the papers that would show it is being timely prosecuted.  Accordingly, Appellant is also ORDERED TO SHOW CAUSE in writing no later than December 12, 2022 why this action should not be dismissed for lack of prosecution.

**IT IS SO ORDERED.**